Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
MIDDLE District of FLORIDA
FORT MYERS Division

| | |
|---|---|
| **DEMETRIUS LOREDO WALKER** <br> Plaintiff(s) <br> *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* <br> -v- <br><br> **INTERNAL REVENUE SERVICE** <br> Defendant(s) <br> *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Case No. **2:23cv186-SPC-NPM** <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)* ☒ Yes ☐ No <br> **DEMAND JURY TRIAL** <br><br> **FILED** <br> MAR 1 4 2023 <br> Clerk, US District Court <br> Middle District of Florida <br> Fort Myers, Florida |

## COMPLAINT FOR A CIVIL CASE

**I. The Parties to This Complaint**

    **A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Demetrius Loredo Walker |
| Street Address | 1201-1/E 18th Avenue |
| City and County | Cape Coral, Lee County |
| State and Zip Code | Florida, 33909 |
| Telephone Number | 727-275-3909 |
| E-mail Address | demetriuscraft514@gmail.com |

    **B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1
- Name: Internal Revenue Service
- Job or Title (if known):
- Street Address: 1111-Constitution Avenue
- City and County: Washington, DC
- State and Zip Code: Washington, DC 20224
- Telephone Number: Unknown
- E-mail Address (if known): Unknown

Defendant No. 2
- Name: N/A
- Job or Title (if known): N/A
- Street Address: N/A
- City and County: N/A
- State and Zip Code: N/A
- Telephone Number: N/A
- E-mail Address (if known): N/A

Defendant No. 3
- Name: N/A
- Job or Title (if known): N/A
- Street Address: N/A
- City and County: N/A
- State and Zip Code: N/A
- Telephone Number: N/A
- E-mail Address (if known): N/A

Defendant No. 4
- Name: N/A
- Job or Title (if known): N/A
- Street Address: N/A
- City and County: N/A
- State and Zip Code: N/A
- Telephone Number: N/A
- E-mail Address (if known): N/A

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. Due process of law guaranteed by the Fourteenth Amendment of the United States Constitution and equal protection of law guaranteed by the Fourteenth Amendment of the United States Constitution.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* N/A, is a citizen of the State of *(name)* N/A.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* N/A, is incorporated under the laws of the State of *(name)* N/A, and has its principal place of business in the State of *(name)* N/A.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* N/A, is a citizen of the State of *(name)* N/A. Or is a citizen of *(foreign nation)* N/A.

## III. Sworn Factual Allegations

4 of 15

1. Plaintiff asserts that on October, 2020, or November, 2020, Plaintiff had filed an income tax return form # 1040 to receive his Coronavirus Aid, Relief, and Economic Security Act (hereinafter "CARES Act") to receive his stimilus checks to Defendant's Office of IRS Integrity and Verification Operations Program Manager in Austin, Texas while he was incarcerated in the Florida Department of Corrections, Desoto Annex in Arcadia, Florida.

2. On February 28, 2021, Plaintiff was release from the Florida Department of Corrections, Desoto Annex in Arcadia, Florida.

3. On March 6, 2021, Plaintiff had file for the CARES Act, Stimilus checks at H&R Block, Inc. in St. Petersburg, Florida. See attach hereto as

Attachment #1.                                                     5 of 15

4. On March 24, 2021, Plaintiff was re-incarerated for a conditional release violation by the Florida Commission on Offender Review.

5. On April 1, 2021, Defendant mailed Plaintiff the first check at his former place of residence in St. Petersburg, Florida. See attach hereto as Attachment #2.

6. On September 20, 2021, Plaintiff filed a letter to Defendant's Office of the Intergrity Verification Operations Program Manager in Austin, Texas informing them that they only issue and/or distribute one stimilus check to Plaintiff but didn't issue and/or distribute the other stimilus checks, and Defendant still owe Plaintiff the other stimilus checks which he is lawfully owe by Defendant but Defendant fail and/or refuse to

answer.

7. On October 27, 2021, Plaintiff filed another letter to Defendant's Integrity and Verification Operation Program Manager in Austin, Texas informing them of the same numerated statement above but Defendant fail and/or refuse to answer.

8. On October 29, 2021, Plaintiff filed a formal complaint report to Defendant laying out that the Intergrity and Verification Operations Program Manager in Austin, Texas have refuse to answer any of the above dated numerated letters, and have refuse to issue and/or distribute Plaintiff his stimilus checks but Defendant fail and/or refuse to answer.

9. On December 9, 2021, Plaintiff filed a second

7 of 15

formal complaint report to Defendant laying out that the Integrity and Verification Operations Program Manager in Austin, Texas have refuse to answer any of the above dated numerated letter, and have refuse to issue and/or distribute Plaintiff his stimulus checks but Defendant fail and/or refuse to answer.

10. On February 24, 2022, Plaintiff filed a third formal complaint report to Defendant laying out that the Integrity and Verification Operations Program Manager in Austin, Texas have refuse to answer any of the above dated numerated letters, and have refuse to issue and/or distribute Plaintiff his stimulus checks but Defendant fail and/or refuse to answer. See attach hereto as Attachment #3.

11. On May 15, 2022, Plaintiff received a letter from Defendant stating that they previously sent a refund check for $1,400. Plaintiff didn't cash this check, it expired on March 26, 2022. Defendant stated that they need Plaintiff to call them before they can send Plaintiff a replacement checks. See attach hereto as Attachment #4.

12. On July 28, 2022, Plaintiff receive a letter from Defendant stating they're working on Plaintiff's account, however, they need an additional 60 days to send Plaintiff a complete response on what action they are what action they are taking on Plaintiff's account. See attach hereto as Attachment #5.

13. On July 31, 2022, Plaintiff receive the same duplicate letter as on the above numerated paragraph

9 of 15

but still have not been issue a replacement check, nor distribute any checks he is owe by Defendant. See attach hereto as Attachment #6.

14. On September 26, 2022, Planitiff receive a letter from Defendant stating they received his December 31, 2021 form 1040 federal individual income tax return, but Defendant more information to process the return accurately. See attach hereto as Attachment #7.

15. On September 30, 2022, Plaintiff receive the same duplicate letter on the above numerated paragraph but still haven't been issue a replacement check of $1,400, nor have not received anyother checks he is owe by Defendant. See attach hereto as Attachment #8.

10 of 15

16. On October 6, 2022, Plaintiff filed and/or fax to the Defendant a form 3911 Taxpayer Statement Reading Refund and a form 1040, Fax Number: 727-821-4975, Serial Number: U63274M4J849523. See attach hereto as Attachment #9.

17. On December 14, 2022, Plaintiff receive the same duplicate letter on the above numerated Paragraph, Paragraph numbers 12-15 but Defendant refuse to not answer. See attach hereto as Attachment #10.

18. On December 22, 2022, Plaintiff filed a formal complaint the Honorable J. Russell George, Inspector General, United States Department of Treasury, Tax Administration, Pursuant to 26 U.S.C. §7422(a), laying out the fact that

Defendant fail to properly process and distribute to Plaintiff his replacement CARES Act checks under Pub. L. No. 116-136, 134 Stat. 28 (2020), serving all parties but the Inspector General and Defendant refuse to answer. See attach hereto as Attachment #11.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

19. Plaintiff has exhausted all administrative remedies with Defendant as accordance with 26 U.S.C. § 7422(a). See attach hereto as Attachment #11.

## V. LEGAL CLAIMS

20. Plaintiff reallege and incorporated by reference paragraphs 1-20 with the same force and effect.

21. Plaintiff asserts that Defendant is in violation of his Due Process of law guaranteed by

12 of 15

the Fourteenth Amendment to the United States Constitution, and violation of equal protection of law guaranteed by the Fourteenth Amendment by failing and/or refusing to issue and/or distribute Plaintiff his stimulus checks.

# VI. RELIEF REQUESTED

13 of 15

a. Accepting jurisdication over this case;

b. A demand jury trial of the case;

c. Ordering Defendant to answer the sworn factual allegations and/or record attachment;

d. Order Defendant to issue and/or distribute to Plaintiff his stimilus checks that he is lawfully owe by Defendant;

e. Plaintiff reserve the right to reply to any answer by Defendant; and

f. Any and all other relief this Court deems just and proper.

## UNNOTARIZED OATH

14 of 15

STATE OF FLORIDA )
                 ) ss.
COUNTY OF LEE    )

Pursuant to 28 U.S.C. § 1746; 28 U.S.C. § 1621; and § 92.525, Florida Statutes, I, Demetrius Loredo Walker, do solemnly swear (or certify, verify, or state) under penalties of perjury that the foregoing document, including all record attachments herein is true, correct, and complete.

/s/ Demetrius Loredo Walker
Declarant

Executed on this 10th day of March, 2023.

# CERTIFICATE OF SERVICE

15 of 15

I HEREBY CERTIFY that a true, correct, and complete copy of the foregoing document was furnish by U.S. Mail, hand deliver, certify mail to the parties listed below on this 10th day of March, 2023.

/s/ Demetrius Loredo Walker
Demetrius Loredo Walker, Pro se
207-NE 78th Avenue
Cape Coral, FL 33909
727-275-3909
demetriuscraft514@gmail.com

cc:
Clerk of Court

Internal Revenue Service
Tax Administration
1111- Constitution Avenue, NW
Washington, DC 20224

Internal Revenue Service
S.C. McHenry, Input Correction Operations Manager
Austin, TX 73301-0002