UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEMETRIUS LOREDO WALKER,

    Plaintiff,

v.                                    Case No.:   2:23-cv-186-SPC-NPM

INTERNAL REVENUE SERVICE,

    Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is pro se Plaintiff Demetrius Walker's Motion Objection to Magistrate's Order. (Doc. 7). Plaintiff sues the Internal Revenue Service for not sending him COVID-19 stimulus checks in violation of his Fourteenth Amendment due process and equal protection rights. (Doc. 1). He moved to proceed in forma pauperis, which United States Magistrate Judge Nicholas P. Mizell granted in part. (Doc. 6). Although Judge Mizell found Plaintiff to qualify for a waiver of the filing fee, he concluded the Complaint failed a sufficiency review under 28 U.S.C. § 1915(e)(2). According to Judge Mizell, the Complaint has these procedural problems: (1) bringing Fourteenth Amendment claims against a *federal* agency; (2) not identifying any similarly

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

situated person or group who was treated differently than him for the equal protection claim; and (3) not asserting a fundamental right that the IRS infringed on to make a substantive due process claim. (Doc. 6 at 5). Despite these issues, Judge Mizell gave Plaintiff leave to amend the Complaint. Rather than do so, Plaintiff has objected to his Order.

A district judge may reconsider a magistrate judge's order on any pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). Clear error is a highly deferential standard. *See Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1351-52 (11th Cir. 2005). "A finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (citation omitted). An order "is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013). Neither standard provides grounds to set aside or change Judge Mizell's order.

Plaintiff asserts the Complaint alleges enough facts to raise above the "speculative level" required under *Iqbal* and *Twombly*. (Doc. 7 at 2). This

2

argument misses the mark because the Complaint has more fundamental problems like suing under the wrong constitutional amendment. Plaintiff suggests the Court should overlook such problems because he is pro se. Not so. Although the Court must construe pro se pleadings liberally—which Judge Mizell did (Doc. 6 at 4)—courts still cannot "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party[.]").

Plaintiff also declares the Complaint names a similarly situated person or group for his equal protection claim. But Plaintiff's declaration is empty because he fails to point the Court to where he did so. And the Court's independent review of the Complaint finds no such reference. Finally, Plaintiff falls short in saving his due process claim as originally pleaded. According to Plaintiff, the CARES Act gave him a fundamental right to collect his stimulus check. As support, he relies on *Hayes v. Graves*, No. 4:21-cv-347, 2022 WL 822881 (E.D. Ark. Mar. 16, 2022). But that case is unhelpful because it is not binding on this Court, and it addressed an unrelated scenario of prisoners trying to stop officials from confiscating their stimulus checks. *Id.* at *8.

3

At bottom, Judge Mizell's Opinion and Order is neither clearly erroneous nor contrary to law. The Court thus overrules Plaintiff's objections but will extend the deadline for him to file an amended complaint.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Demetrius Walker's Motion Objection to Magistrate's Order (Doc. 7) is **OVERRULED**.

2. Plaintiff may file an amended complaint on or before **June 14, 2023**. **Failure to do so may result in the Court dismissing this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on May 25, 2023.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record